UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON RODNEY LENEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BUTTE COUNTY JAIL,<br><br>　　　　Respondent. | No. 2:24-cv-2509 CSK P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

　　　　Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

　　　　On November 25, 2024, the Court ordered petitioner's filings in his subsequently filed case to be filed in this action. <u>Leney v. Butte County Jail</u>, No. 2:24-cv-2650 CSK P (E.D. Cal.). In his amended petition, petitioner challenges his December 23, 2023 conviction for misdemeanor domestic battery. (ECF No. 4 at 1.)

　　　　The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

1

explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In his amended petition, petitioner typed an asterisk in the "yes" box in response to the question "[d]id you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion?" (ECF No. 4 at 3.) In response to the next question, "[i]f you did not appeal from the adverse action on any petition, application or motion explain briefly why you did not," petitioner wrote that he "thought [he] would get another court appointed attorney." (Id.)

Review of the appellate courts case information website for California Courts confirms that petitioner did not file a petition for review or writ of habeas corpus in the California Supreme Court.[2]

After reviewing the amended petition for habeas corpus, the Court finds that petitioner failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the amended petition should be dismissed without prejudice.[3]

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis.

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the amended petition filed in the instant case on the Attorney General of the State of California.

3. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS HEREBY RECOMMENDED that petitioner's amended petition for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 27, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lene2509.103

3