UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON RODNEY LENEY, | No. 2:24-cv-2509 CSK P |
| Petitioner, | |
| v. | ORDER |
| BUTTE COUNTY JAIL, | |
| Respondent. | |

Petitioner, a former county jail inmate proceeding pro se and in forma pauperis, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his amended petition, petitioner challenges his December 23, 2023 conviction for misdemeanor domestic battery. (ECF No. 4 at 1.) On November 27, 2024, the Court recommended that this action be dismissed based on petitioner's failure to exhaust his state court remedies. The findings and recommendations are pending review by the district court.

On April 23, 2025, petitioner filed a motion to combine his cases. (ECF No. 13.) Petitioner addressed his filing to Magistrate Judge Sean C. Riordan, and asked that petitioner's case "Leney v. Butte County Jail 2650," and Leney v. Andrews be combined." (Id. at 1.) However, petitioner's case, Leney v. Butte County Jail, No. 2:24-cv-2650 CSK P (E.D. Cal.), in which petitioner also sought habeas relief, was terminated on November 25, 2024. Leney v. Butte County Jail, No. 2:24-cv-2650 CSK P (ECF No. 11). Moreover, petitioner's case Leney v.

1

Andrews, No. 2:24-cv-2865 SCR P (E.D. Cal.), is not a habeas case, but is a civil rights case filed pursuant to 42 U.S.C. § 1983. Therefore, it is not appropriate to combine the closed habeas case, No. 2:24-cv-2650 CSK P, with plaintiff's pending civil rights case.[1]

Petitioner also seeks leave to proceed in forma pauperis, and requests the appointment of counsel. However, petitioner was already granted leave to proceed in forma pauperis on November 27, 2024. (ECF. No. 11.) Therefore, his request is denied as moot. Because this Court recommended dismissal of this action and the findings and recommendations are pending before the district court, the Court denies petitioner's motion for appointment of counsel without prejudice.

Finally, because this action challenges petitioner's conviction, all claims concerning petitioner's conditions of confinement, including retaliation (ECF No. 13 at 2), should be addressed in his pending civil rights action, Leney v. Andrews, No. 2:24-cv-2865 SCR P.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to combine cases (ECF No. 13) is denied.

2. Petitioner's motion to proceed in forma paupers (ECF No. 13) is denied as moot.

3. Petitioner's motion for appointment of counsel (ECF No. 13) is denied without prejudice.

Dated: April 30, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lene2509.den

---

[1] As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

[2] Petitioner's motion was also filed in Leney v. Andrews, No. 2:24-cv-2865 SCR P (ECF No. 10). The Court acknowledges petitioner's ending statement that he has "reason to believe" his "safety is at stake" (ECF No. 13 at 2), but petitioner provided no specific facts concerning an alleged threat to his safety. Moreover, because petitioner's address demonstrates he is no longer in custody, it is unclear whether the alleged threat is posed by an individual acting under color of state law. In any event, petitioner's contention is more appropriately addressed in his civil rights action, where it is currently pending (Leney v. Andrews, No. 2:24-cv-2865 SCR P), rather than his habeas action, which addresses only the fact or duration of plaintiff's confinement.